# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAYMOND BROWN,                          :
    Plaintiff,                         :
                            :
    v.                                 :          CIVIL ACTION NO. 22-2499
                            :
DENIS P. COHEN, *et al.*,                :
    Defendants.                        :

## MEMORANDUM

**RUFE, J.**                                                           **October 6, 2022**

       Plaintiff Raymond Brown filed a *pro se* Complaint raising claims pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights.[1] Before the Court was able to address Brown's Complaint, he filed an Amended Complaint, which is now the operative pleading.[2] Brown has also filed a Motion for Leave to Proceed *in Forma Pauperis*, and an Emergency Motion for Preliminary Injunction.[3] For the following reasons, the Court will grant Brown leave to proceed *in forma pauperis*, deny his Emergency Motion for Preliminary Injunction, and dismiss his Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Compl. [Doc. No. 2].

[2] Am. Compl. [Doc. No.4]. An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*) ("[Plaintiff's] amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019)*, cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").

[3] Doc. Nos. 1, 5.

I.      FACTUAL ALLEGATIONS[4]

Brown asserts claims against the following Defendants: Judge Denis P. Cohen of the

Philadelphia County Court of Common Pleas; Liam Riley, who is alleged to be the "Major Trial

District Attorney Supervisor" for the City of Philadelphia; and Mark A. Hinrich, who appears to

be Brown's criminal defense attorney.[5] Brown alleges that in 2014, following a jury trial, he was

found guilty of aggravated assault, simple assault, reckless endangerment, possession of an

instrument of crime, unlawful restraint, terroristic threats, and two counts of endangering the

welfare of a child.[6] He alleges that the "Defendants" failed to request and issue jury instructions

related to the aggravated assault charge and failed to object to incorrect simple assault jury

instructions.[7] He also alleges that the "Defendants" failed to protect evidence located on Brown's

cell phone, thereby eliminating his ability to successfully seek post-conviction relief.[8]

Brown claims that the foregoing omissions by the Defendants violated his Sixth and

Fourteenth Amendment rights.[9] He requests a declaration that his rights were violated and that he

---

[4] The allegations set forth in this Memorandum are taken from Brown's Amended Complaint [Doc. No. 4].  The Court adopts the pagination assigned by the CM/ECF docketing system.

[5] Am. Compl. [Doc. No. 4] ¶¶ 2-4. In his original Complaint, Brown included Helen Fitzpatrick as a Defendant. *See* Doc. No. 2 at 3.  Fitzpatrick is not named in the Amended Complaint and Brown does not allege that Fitzpatrick participated in the events giving rise to his claims.  Accordingly, she will be terminated as a Defendant.

[6] Am. Compl. [Doc. No. 4] ¶¶ 6-7. The publicly available dockets in *Commonwealth v. Brown*, CP-51-CR-13921-2011 (C.P. Phila.), and CP-51-CR-13923 (C.P. Phila.), and CP-51-CR-13924 -2011 (C.P. Phila.) reflect these convictions.  The dockets also reflect that Judge Cohen presided over the criminal trial and that Defendant Hinrichs was defense counsel for a period of time.  The consolidated cases are currently on appeal from the denial of Brown's petition filed pursuant to Pennsylvania's Post Conviction Relief Act, ("PCRA"), 42 Pa. Con. Stat. § 9541, following reinstatement of his appellate rights.

[7] Am. Compl. [Doc. No. 4] ¶¶ 8-10.

[8] Am. Compl. [Doc. No. 4] ¶¶ 11-15.

[9] Am. Compl. [Doc. No. 4] ¶¶ 17-23.

was denied a fair trial.[10] He also requests an injunction vacating his state court convictions and expunging his record.[11]

## II.      STANDARD OF REVIEW

Because Brown appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),[12] which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[13] "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"[14] Conclusory allegations do not suffice.[15] As Brown is proceeding *pro se*, the Court construes his allegations liberally.[16]

## III.     DISCUSSION

---

[10] Am. Compl. [Doc. No. 4] ¶ 24.

[11] Am. Compl. [Doc. No. 4] ¶¶ 25-26.

[12] *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[14] *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).

[15] *Iqbal*, 556 U.S. at 678.

[16] *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[17]

Brown claims that his convictions were obtained in violation of his Sixth and Fourteenth Amendment rights and requests that the convictions be vacated and his record expunged. However, Brown cannot pursue his request that his convictions be vacated in a civil rights action such as this one. Rather, he must file a *habeas* petition if he seeks vacatur of the convictions on the ground that the convictions were obtained in violation of his constitutional rights.[18] Brown's claim for such relief, which is effectively *habeas* relief, will therefore be dismissed.[19]

Although Brown primarily requests that his convictions be vacated and his record expunged, to the extent he is requesting any other relief, his claims are barred. "[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas

---

[17] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[18] *See Garrett v. Murphy*, 17 F.4th 419, 430 (3d Cir. 2021) ("[W]henever a plaintiff pleads a violation of § 1983 and effectively seeks habeas relief, the plaintiff fails to state a § 1983 claim. Instead, the prisoner's only federal remedy is through a writ of habeas corpus after exhausting state remedies."); *Repotski v. AMS Law PC*, 710 Fed. Appx. 112, 113 (3d Cir. 20188) (*per curiam*) (citing *Preiser*, 411 U.S. at 490) ("[T]o the extent that Repotski is asking the Court to vacate his conviction, a 1983 complaint is not the proper vehicle for his request.").

[19] Brown previously filed a *habeas* petition in this Court, which was denied. *Brown v. Tice*, No. 16-4281 (E.D. Pa.) (ECF Nos. 26 & 29).  Brown filed a second petition, which was transferred to the Court of Appeals for the Third Circuit as a second or successive petition. *Brown v. Adams*, No. 20-3847 (E.D. Pa.) [Doc. No. 4].

corpus[.]"[20]  "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[21]

Here, the success of Brown's claims necessarily turns on the invalidity of his convictions; those convictions have not been denied, invalidated, or otherwise called into question in the context of a *habeas corpus* proceeding. Therefore, Brown's civil rights claims are not cognizable, and the Court must dismiss his Amended Complaint.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Brown leave to proceed *in forma pauperis* and dismiss his Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Brown will not be permitted to file a second amended complaint, as he cannot cure the defects in his claims.[22] Additionally, Brown's Emergency Motion for Injunctive Relief will be denied because he is not likely to succeed on the merits of his civil rights claims.[23]  An Order follows, which shall be docketed separately.

**BY THE COURT:**

---

[20] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).

[21] *Heck* 512 U.S. at 487.

[22] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

[23] *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

/s/ Cynthia M. Rufe

**CYNTHIA M. RUFE, J.**